This is a suit on a promissory note, and defendant has appealed from judgment of the City Court of the City of Shreveport in favor of plaintiff.
There is an agreed statement of facts in the record, which reads as follows:
"Jones Jones were a commercial partnership operating in De Soto Parish and the defendant, Ray Martin, was employed by them in the year 1941.
"When Ray Martin left their employ according to Mr. Jones (who testified at the trial) that this note was to settle the difference; according to Mr. Ray Martin, the defendant, it was given in order that the account might be charged off and with the express understanding that he was not to be held liable.
"Suit was filed by Mrs. J.B. Headlee as assignee of Jones 
Jones on this note. When the suit was filed an assignment was attached to plaintiffs' petition with said note. The defendant filed a motion to elect, a bill of particulars and exception of no right of action. In order to correct the defects, the note was withdrawn from the suit and endorsed by Mr. Jones. The note and assignment were offered in evidence but no testimony was given as to the consideration of the assignment."
It is evident from the judgment in favor of the plaintiff that the Judge of the trial court was of the opinion that defendant failed to prove his special defense, and, since there is nothing in the record to indicate any error in this finding of fact, we concur therein.
[1] It is contended on behalf of defendant-appellant that the transfer of the note to the plaintiff by endorsement and assignment was, in effect, the sale of a litigious right under the provisions of Articles 2652 and 2653 of the Civil Code. Thisargument is predicated upon the fact that the endorsement and assignment were actually made after the institution of suit. We find no merit in this contention because of the fact that the endorsement of the note and the subsequent assignment were obviously effected, as between the parties, for the sole purpose of changing the status of plaintiff's claim from that of the holder land assignee of an account in which the note was simply an element of evidence to that of the holder and owner of a promissory note. Under this view of the matter, the definition of a litigious right, as fixed in Article 2653 of the Civil Code, would not apply.
[2, 3] Defendant further claims that inasmuch as the assignment of the note in question reflected a consideration of One Dollar, that he should be relieved of liability for the face amount of the note, it being shown that be made tender in open court of One Dollar and costs prior to trial on the merits, which tender was refused. This claim might have some weight if it were not for the fact that the assignment recites the consideration as being "one dollar and other good and valuable considerations". Insofar as is disclosed by the record, defendant made no attempt on trial to attack the consideration or to establish his contention that the actual consideration was only One Dollar. Since the burden was upon the defendant to establish this element of his defense, in which he failed, it necessarily follows that there is no ground which would justify reversal of the judgment rendered, on this appeal.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 329